[No. 2543.  Decided July 30, 1897.]

THE STATE OF WASHINGTON on the Relation of Ella W. Smith, Appellant, v. DEL CARY SMITH, Respondent.

CONTEMPT OF COURT — BURDEN OF PROOF.

The action of a court in dismissing a proceeding for contempt is erroneous, when an affidavit showing the failure of the party in contempt to comply with a decree awarding alimony has been filed and an order to show cause served upon him, as it is the duty

of courts to enforce obedience to their orders and the burden of showing inability to comply therewith is upon the one alleged to be in contempt.

Appeal from Superior Court, Jefferson County.—Hon. JAMES G. McCLINTON, Judge. Reversed.

*A. W. Buddress,* for appellant.

The opinion of the court was delivered by

REAVIS, J.—The relator appeals from the judgment of the superior court of Jefferson county dismissing contempt proceedings brought to enforce the payment of alimony ordered by this court in the case of *Del Cary Smith v. Ella W. Smith,* reported in 15 Wash. 237 (46 Pac. 234). The affidavit filed by relator in the superior court substantially recited the divorce cause and the terms of the original decree entered in the superior court in conformity to the mandate of this court, and by which the respondent Del Cary Smith was required to pay relator the sum of $15 alimony monthly, commencing on the first day of November, 1895, until the first day of November, 1896, and the sum of $25 per month commencing on the first day of November, 1896, for the support of two minor children of relator and respondent; and that no alimony whatever had been paid to relator, and also that the order in the divorce cause required respondent to hold relator harmless from a note and mortgage on a house and lot awarded by the decree, and that no release from the obligation has been given to relator; and the affidavit concluded with the prayer that respondent be brought before the court and dealt with according to law, and the decree of the court respected. An order was made requiring respondent to show cause why he should not be punished for contempt for his failure to obey the decree

of the court, which with the affidavit was personally served on the respondent.

The respondent made a special appearance and moved to quash the proceedings, and filed a demurrer to the affidavit setting up that the order did not state jurisdictional facts upon which it might issue, that the affidavit did not state jurisdictional facts upon which the order might issue, and that the order was issued without authority of law. The court granted the motion to quash and entered judgment dismissing the proceedings, from which relator appealed.

It is the duty of courts to enforce their orders, and when it comes to their knowledge that such orders are not obeyed they should require and enforce such obedience by punishment for contempt. The rule is that the burden of showing inability to comply with an order of this nature is upon the respondent. This is so well settled that we deem it unnecessary to make any citations from the numerous lines of authorities upon the subject. Upon the filing of relator's affidavit the court possessed jurisdiction of the proceeding and upon service of the order to show cause acquired jurisdiction of the person of the respondent, and its judgment dismissing the proceeding was error.

The cause is remanded with direction to the superior court to proceed to hear and determine upon the affidavit of relator already filed.

SCOTT, C. J., and ANDERS, GORDON and DUNBAR, JJ., concur.