[No. 3790.    Decided January 14, 1902.]

THE STATE OF WASHINGTON *on the Relation of J. T. Brown, Respondent,* v. M. B. McFAUL, *Appellant.*

CONTEMPT — DISOBEYING ORDER FOR REMOVAL OF CHATTEL MORTGAGE FORECLOSURE TO COURT.

Where an order is made by the court, removing the foreclosure of a chattel mortgage into the superior court, and directing the sheriff to return the possession of the property to its owner, the subsequent wilful interference by an agent of the mortgagee with the custody of the property was a violation of the order rendering him guilty of contempt; and the fact that no bond was given by the owner upon the issuance of the order directing the return of the property to him would not excuse compliance with the order, since the court is authorized, under the statute, to make the order as an incident to the jurisdiction assumed by it in the foreclosure proceedings.

Appeal from Superior Court, Whitman County.—Hon. WILLIAM McDONALD, Judge.    Affirmed.

*Thomas Neill* and *Orland & Smith,* for appellant.

PER CURIAM.—In July, 1900, Russell & Co., a corporation, began the foreclosure of a chattel mortgage executed by one Hardesty on a certain traction engine manufactured by the company.    The foreclosure was commenced under the short form of procedure (§§ 5870 *et seq.,* Bal. Code); and the plaintiff put into the hands of the sheriff of Whitman county the mortgage and notice, as required by such procedure, signed by attorneys for mortgagee.

The next day the sheriff, by deputy, levied upon and took into his possession the engine, by virtue of the notice. The appellant was the agent of Russell & Co., mortgagee, and was present when the levy was made. He employed an engineer to take the engine, which was in the custody of the sheriff. In the meantime application was made to the superior court by one Egan for an order transferring the proceedings to the superior court. An order was thereupon made transferring the proceedings, as provided by statute, to the superior court, for foreclosure; and the court also ordered that the sheriff, and his deputies, agents, servants, counselors, and attorneys, be enjoined and restrained from levying upon the personal property described in the mortgage, or holding the same or retaining the same from said Egan, until the further order of the court, and that such order, and the affidavit upon which it was based, should be served on the sheriff of Whitman county and the attorneys for the plaintiff within five days. There was no injunction bond given or required upon the issuance of the order. Upon service of the order upon the sheriff and his deputy, the sheriff delivered the possession of the engine to Egan.

Immediately thereafter the appellant followed Egan, and endeavored to take possession of the engine. A scuffle ensued between appellant and Egan over the possession, and defendant desisted from further efforts to retain possession of the engine, but removed therefrom three levers necessary for its operation. The defendant had full knowledge of the order made by the superior court at the time he endeavored to take possession of the engine. Upon affidavit showing the foregoing facts, the court issued an order that appellant show cause why he should not be punished for contempt for the violation of the order of the court. At the hearing the facts were found sub-

stantially as above stated; and appellant testified that he
thought he had a right to take and hold the engine under
the mortgage, which provided that plaintiff might take pos-
session on default of payment, and that he intended to
take possession of it. He was adjudged guilty of con-
tempt, and appeals.

Counsel for defendant maintain that, as no bond was
executed by the mortgagor upon the issuance of the order
directing the property to be returned to the owner, such
order was void. We think not. The statute authorizes
the court to make the order as an incident to the jurisdic-
tion assumed by the court in the foreclosure. After the
order was made by the court, removing the foreclosure of
the chattel mortgage into the superior court, and directing
the sheriff to return the possession of the personal prop-
erty to the mortgagor, the subsequent interference of the
defendant with the custody of the property wilfully was a
violation of the order, and the conviction of contempt
must be affirmed.