## GARDINER V. ROSS *et al.*
## SAME V. ROSS.

1. Where a motion for an order adjudging defendant guilty of contempt for failure to comply with an order previously made in supplemental proceedings, requiring him to pay certain money to plaintiff's attorney, was denied without prejudice, defendant was entitled, on a subsequent motion for an order to show cause, why he should not be punished for contempt for the same reason to present a defense arising after the making of the order in the supplemental proceedings.

2. Where, after the making of an order in supplemental proceedings, requiring the payment of a judgment, it was rendered void by a discharge of the judgment debtor in bankruptcy, he was entitled to move to set aside the order, and his liability was not res judicata by reason of the fact that the order in the supplemental proceedings was not appealed from.

3. Under Bankr. Act July 1, 1898, c. 541, § 67f, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450], providing that all levies, judgments, attachments and other liens obtained within four months prior to the filing of a petition in bankruptcy shall be deemed void, etc., an order issued in supplemental proceedings less than four months before the filing of the petition, and requiring the bankrupt to pay a certain judgment, is rendered void by the discharge.

4. Bankr. Act July 1, 1898, c. 541, § 67f, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450], providing that all levies, judgments, attachments, or other liens obtained within four months prior to the filing of a petition in bankruptcy shall be void in case the party is adjudged a bankrupt, applies to voluntary as well as involuntary bankruptcy.

(Opinion filed July 6, 1905.)

Appeal from circuit court, Roberts county; Hon. J. H. Mc-Coy, Judge.

Action by Edward Gardiner against James Ross and another, and by the same plaintiff against James Ross. Plaintiff

19 S. D.—32

recovered judgment in both cases, and in supplementary proceedings an order was made requiring defendant to pay the judgments, and later defendant was adjudged guilty of contempt in failing to comply with this order. From an order denying a motion to vacate the order made in the supplementary proceedings, and from the order adjudging him guilty of contempt, defendant appeals. Reversed.

*Howard Babcock* and *Thomas L. Bouch,* for appellant.

*J. J. Batterton* and *A. J. Kinney,* for respondent.

CORSON, P. J. This is an appeal by the defendant from two orders made by the circuit court of Roberts county bearing date of September 5 and October 27, 1903, in two cases which by stipulation are to be heard together upon abstract and brief in one case. As the proceedings were practically identical in the two cases, it will only be necessary to consider the proceedings and orders in one case. In February, 1900, the plaintiff recovered a judgment against the defendant James Ross and Alexander Ross for the sum of $514.11, and about the same time a judgment against James Ross individually for the sum of $812.45. Subsequently, on April 30, 1900, an order to show cause was issued against said James Ross requiring him to be examined on supplementary proceedings, and on May 10th the order was granted with the usual restraining clause, and upon the report of the referee on May 19, 1900, the court made the following order: "Ordered, that the defendant James Ross forthwith deliver and pay to J. J. Batterton, the plaintiff's attorney, a sufficient amount out of the sum of sixteen hundred dollars, in money, disclosed by said defendant, and now in his hands and under his control, and one share of one hundred

dollars of the capital stock of the Sisseton State Bank, disclosed by said defendant, and now in his hands or under his control, or sufficient thereof to satisfy plaintiff's judgment herein and plaintiff's costs and disbursements of this proceeding. * * * Dated at the city of Milbank, South Dakota, May 19, 1900." Said order was duly served upon the appellant Ross on the same day, and duly filed in the office of the clerk of said court. Thereafter, on June 15th, the app llant, in answer to an order to show cause why he should not be punished for contempt for not paying over the money as directed in the order made on May 19, 1900, showed by affidavit that on the 26th day of May, 1900, a proceeding in bankruptcy was pending in the United States Court for the District of South Dakota against the defendant, and that upon the proceedings thereon he was adjudged a bankrupt, wherefore the appellant requested that all proceedings in the above entitled action be stayed for a period of 12 months, and until the question of such discharge should be determined by the said bankruptcy court; and upon such hearing the circuit court made the following order: "Ordered, that the said defendant's motion to vacate said orders dated May 10th and May 19th, be, and the same is hereby, denied, and the said orders are hereby continued in full force and effect, and the plaintiff's motion to punish said defendant for contempt of court is hereby denied, without prejudice. Dated June 15, 1900." No further proceedings were had in the case until July 10, 1903, when, upon affidavits presented by the respondent, the court made an order to show cause why the appellant should not be punished for contempt for failure to pay over the money as directed by the order of May, 1900, and upon September 5, 1903, the court made the

following recital and order: "And it appearing to the satis-faction of the court that none of the provisions of said order dated May 19, 1900, have ever been complied with by said defendant, and that he is able so to do, and that his failure and neglect to comply with the conditions thereof is a contempt of court, and that this is a proper case for the making of this order: Now, therefore, it is ordered, and the judgment of this court is, that said defendant Jame Ross be, and he hereby is adjudged guilty of a contempt of this court for his failure and refusal to comply with the provisions of said order dated May 19, 1900; and it is further ordered that said defendant James Ross pay to plaintiff's attorneys within thirty days from the date hereof the sum of $734.13, being the amount of the principal and interest now due on said judgment, and the costs on said proceeding supplementary to execution, and all of which was ordered to be paid by said order dated May 19, 1900; and it is further ordered that in case of said defendant's failure or neglect to do or perform any of said acts within the time afore-said that then the sheriff of Roberts county, South Dakota, shall forthwith arrest the said defendant James Ross, and confine him in the common jail of said county until such time as the provisions of said order of May 19, 1900, and the provisions of this order shall be fully complied with, and the clerk of this court shall issue his warrant of commitment to the sheriff of said county in accordance with this order, and the said sheriff shall thereupon execute the same. Dated September 5, 1903." A similar order was made in the second case. On October 1, 1903, the defendant moved the court to vacate and set aside the judgment in favor of the plaintiff and against the defendants in the above entitled action rendered on Febru-

ary 2, 1900, and for an order vacating and setting aside the order of said court made on May 10, 1900, and for an order vacating and setting aside the order of said court made on May 19, 1900, and for an order vacating and setting aside the order of the said court made on the 5th day of September, 1903, adjudging the defendant guilty of contempt of court for his failure and refusal to comply with the provisions of said order dated May 19, 1900, ordering the defendant to pay to plaintiff's attorneys the sum therein specified, and for an order vacating and setting aside and annulling all proceedings supplementary to the execution and enforcement of the judgment in the above entitled action upon the ground, among others, that the judgment in the above entitled action has been and is barred by the proceedings in bankruptcy in which he has been discharged as such bankrupt. This motion was denied upon a hearing on the 22d day of October, 1903. On October 27, 1903, the appellant perfected his appeal from the order dated September 5, 1903, and also an appeal from the order of October 22, 1903.

It will thus be seen that the judgments were rendered February 2, 1900, that the order requiring the defendant to pay over the moneys alleged to have been disclosed by him was made on May 19th, and that a motion that defendant be adjudged guilty of contempt of court in failing to pay over the said money was denied on June 15, 1900, and that the motion to set aside and vacate the former orders of May 10 and 19, 1900, was denied. No appeal was taken from either of these orders made in May and June of 1900. It further appears that the bankruptcy proceedings were instituted on May 26, 1900, and it is disclosed by the record that these proceedings culminated in an order discharging the bankrupt on the 4th day of

June, 1902. It will thus be seen that more than a year prior to the order adjudging the defendant guilty of contempt of court made in September, 1903, the defendant had been released from liability upon the judgment. The discharge in bankruptcy was made a part of the defendant's answer to the order to show cause in September, 1903, and also used in evidence upon the motion of the defendant to vacate and set aside the proceedings of October 22, 1903

The appellant seeks a reversal of the orders appealed from upon the grounds (1) of the insufficiency of the evidence to justify an order for contempt, and that the court had no authority to make such an order on a judgment obtained in an action on contract; (2) that the bankruptcy proceedings were a bar to proceedings supplementary to execution; (3) that the property ordered to be turned over was exempt from forced sale and execution. The respondent has interposed a preliminary objection to the hearing of this appeal on the ground that the orders made on May 19 and June 5, 1900, not being appealed from are res judicata, and cannot be questioned in any subsequent proceeding, and that the motion of the appellant to vacate and set aside said order was properly denied on the ground that the said order had become res judicata, and could not be subsequently attacked after the expiration of 60 days from the date of the order; and the respondent further contends that the only question before the circuit court was as to whether or not the appellant had complied with the order so made on May 19 and June 5, 1900 But, as we have seen, the motion made in June, 1900, that the defendant be adjudged guilty of contempt for failure to comply with the order of May 19th, was denied without prejudice; and hence, when the order

to show cause issued more than three years later why the de-
fendant should not be adjudged guilty of contempt and punish-
ed therefor in failing to comply with the order of May 19th it
was competent and proper for the defendant to present to the
court any defense that he might have to such order to show
cause arising subsequently to the making of the order of May
19th.   As we have seen, subsequently to the making of the
orders of May 19th and June 5th the defendant was released
from all liability upon the judgment by his discharge in bank-
ruptcy, and hence such defense was proper, and is subject to
review on this appeal.   And again, the judgment having be-
come null and void as against the defendant by virtue of the
bankruptcy proceedings subsequent to the making of the or-
der of May 19th, it was competent and proper for the defend-
ant to move to vacate and set aside such proceedings, and
hence a review of that order of October 22, 1903, is proper on
this appeal.

In the view we take of the case, it will only be necessary
to consider and discuss the effect of the bankruptcy proceed-
ings, and we therefore shall express no opinion upon either of
the other two questions presented.   Assuming, therefore, with-
out deciding, that the order of May 19th was properly made
upon the evidence then before the court, we are inclined to
agree with the appellant that the subsequent proceedings in
bankruptcy rendered null and void not only the judgment of
February 2d, but also the order of the court made on May 19th,
such order having been made within four months of the de-
fendant's application to be discharged as a bankrupt.   The de-
fendant's discharge in bankruptcy is as follows:   "Whereas,
James Ross * * * has been duly adjudged a bankrupt un-

der the acts of Congress relating to bankruptcy, and appears to have conformed to all the requirements of law in that behalf, it is therefore ordered by this court that said James Ross be discharged from all debts and claims which are made provable by said acts against his estate, and which existed on the 26th day of May, A. D. 1900, on which day the petition for adjudication was filed by him, excepting such debts as are by law excepted from the operation of a discharge in bankruptcy. Witness the Honorable JOHN E. CARLAND, Judge of said District Court, and the seal thereof, this 4th day of June, A. D. 1902. Oliver S. Pendar, Clerk " It is stated in the abstract, and not controverted by the respondent, that the judgments obtained against the defendant were in actions brought on contracts for the recovery of money only, and hence it affirmatively appears by the record that the exception mentioned in the order has no application to this case. Proceedings supplementary to execution necessarily fall when the judgment becomes invalid or void. Newell v. Dart, 28 Minn. 248, 9 N. W. 732; McAfee v. Reynolds, 130 Ind. 33, 28 N. E. 423, 18 L. R. A. 211, 30 Am St. Rep. 194; Miller v. Malone, 11 Okl. 241, 67 Pac. 479, 56 L. R. A. 620; Bank v. Braithwaite, 7 N. D. 353, 75 N. W. 244, 66 Am. St. Rep. 653; In re Kletchka (D. C.), 92 Fed. 901.

Section 67f, Bankr. Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450], provides: "That all levies, judgments, attachments, or other liens, obtained through legal proceedings against the person who was insolvent, at any time within four months prior to the filing of the petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt and the property affected by levy, judgment, attachment, or other lien, shall be deemed wholly dis-

charged and released from same." While this section of the act does not mention in terms proceedings supplementary to execution, they must be regarded as included within the spirit of the section and within the intention of the law-making power, and such proceedings are clearly no more effective in obtaining a lien upon the bankrupt's property than would be an attachment proceedings or a chattel mortgage lien thereon, and it would seem to logically follow that when the defendant is released from the judgment, and the same is rendered null and void as against him, that any proceedings taken within four months prior to the application in bankruptcy would necessarily be rendered also null and void, for it certainly would be an anomaly in the law to permit a party to be adjudged guilty of contempt for failure to pay a judgment that had become by the action of courts null and void; and such seems to be the view of the courts in analogous cases heretofore cited.

It is contended by the respondent that the provisions of the bankruptcy act above referred to do not apply to cases of voluntary bankruptcy, but the act seems to make no such distinction, and its provisions have been held to equally apply to voluntary as well as involuntary bankruptcy. In re Richards, 96 Fed. 935, 37 C. C. A. 634; In re Rhoads (D. C.), 98 Fed. 399.

These views lead to the conclusion that the learned circuit court erred in making the order of September 5, 1903, and in making the order denying plaintiff's motion of October 22, 1903, and these orders are reversed.