[No. 11664. Department One. May 8, 1914.]

GEORGE E. WRIGHT, *as Executor and Trustee etc., et al.,*
*Respondents,* v. HENDRICK SUYDAM, *Appellant.*[1]

CONTEMPT—FAILURE TO PERFORM JUDGMENT — PROCEEDINGS — PAR-
TIES. A proceeding in an action to enforce the performance of a
judgment decreeing the execution of a deed, by an alternative order
to show cause or be punished for a contempt, is not a "contempt
proceeding" within the meaning of Rem. & Bal. Code, § 1054, pro-
viding that the state shall be the party plaintiff; and the state is
not a necessary party.

SPECIFIC PERFORMANCE—DECREE—COMPLIANCE—FORM OF DEED. The
execution of a warranty deed in ordinary form is not a substantial
compliance with a contract of purchase or a judgment decreeing spe-
cific performance thereof, where the contract required a warranty
deed of the lands together with the right to collect surface and sub-
terranean waters upon the granted lands although the water supply
to certain other lands would be cut off or reduced.

CONTEMPT—DISOBEDIENCE OF DECREE—ELEMENTS OF OFFENSE—WIL-
FULNESS. Under Rem. & Bal. Code, § 1049, subd. 5, providing that
disobedience of any lawful judgment shall be deemed contempt of
court, the refusal to execute a deed commanded by a judgment is a
contempt without showing that the refusal was "wilful."

SAME—DISOBEDIENCE OF DECREE—PUNISHMENT. Under Rem. &
Bal. Code, § 1050, limiting the fine for contempt of court to $100
where the right of a party has not been defeated or prejudiced, a
fine of $200 for refusing to execute a deed as ordered in a judgment
is error, since the right or remedy was not defeated or prejudiced.

SAME. The fact that the court may, under Rem. & Bal. Code,
§ 605 whenever necessary, appoint a commissioner to convey real
estate, does not prevent judgment in contempt proceedings requir-
ing the defendant to execute a deed in compliance with a judgment,
within five days, or be committed to the county jail until he does
so; since there was no necessity for the appointment of a commis-
sioner where the court had jurisdiction of the parties.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered July 30, 1913, upon a trial and
conviction of contempt, upon the hearing of a show cause
order, in an action for specific performance. Modified.

[1]Reported in 140 Pac. 578.

*John W. Roberts,* for appellant.

*Wright, Kelleher & Caldwell,* and *Lane Summers,* for respondents.

MAIN, J.—This is an appeal from an order of the superior court adjudging the defendant Suydam in contempt for failure to execute a deed in conformity with the court's decree. The original action was one for the specific performance of a contract for the sale of real estate, and has been twice before this court. 59 Wash. 530, 108 Pac. 610, 110 Pac. 8; 72 Wash. 587, 131 Pac. 239.

On the 2d day of April, 1912, the superior court entered a judgment decreeing specific performance of the contract. This judgment provided that a deed should be executed substantially in the words and figures in the form of deed as therein set forth. This form of deed, among other things, gave to the plaintiff certain rights to surface and subterranean waters. The provision covering this matter was as follows:

"Together with the right also to collect upon the granted premises surface and subterranean waters and to use them upon the granted premises even though thereby the supply of such waters should be cut off or reduced upon the premises owned by the said party of the first part upon August 14, 1908, or thereafter."

The judgment also provided that the deed should be executed within fifteen days, and delivered to the clerk of the court, who was to deliver it to the plaintiff upon his paying into the registry of the court the sum of $7,900, the purchase price. The form of deed set out in the judgment also provided:

"This conveyance is made pursuant to and for the purpose of carrying out the terms of a certain contract bearing date of August 14th, 1908, made by Hendrick Suydam in favor of W. Hammond Wright, and duly recorded in the auditor's office of King county, Washington, in volume 643 at page 284."

The contract contained a provision covering surface and
subterranean waters the same as that above set out as being
in the form of deed provided in the judgment. From that
judgment, an appeal was prosecuted. On April 4, 1913, the
opinion of this court affirming the judgment was filed.

Thereafter the defendant executed and caused to be handed
to the plaintiff the statutory form of warranty deed. The
plaintiff, for the purpose of identification, placed his initials
thereon and returned it to the messenger by whom it had been
presented to him. On the same day, the plaintiff addressed
a letter to the attorney for the defendant advising him that
the property would be paid for in accordance with the de-
cree. On May 22, 1913, the remittitur from this court was
filed in the superior court. Upon the same day, the purchase
money was paid by the plaintiff into the registry of the court.
On May 23, 1913, the defendant caused to be filed with the
clerk of the court the deed upon which the plaintiff had previ-
ously placed his initials for identification. On May 26, 1913,
the plaintiff prepared and caused to be presented to the de-
fendant for his execution, a deed in exact conformity with the
decree. This deed, when it was presented, was accompanied
by a letter advising the defendant that the purchase price had
four days previously been paid into court, and requested
the execution of the deed. The defendant advised the mes-
senger who presented the deed and letter that he would
either execute the deed during the day and return it to the
plaintiff, or that he would communicate with him. On June
12, 1913, the defendant neither having executed the deed nor
communicated with the plaintiff, the latter, upon application
to the court, secured an alternative writ requiring the de-
fendant either to execute the deed or show cause why he
should not be adjudged in contempt of court for failure to
so do. The defendant answered the show cause order, and in
due time the cause came on for hearing, at the conclusion
of which the court adjudged the defendant to be in contempt
for failure to execute the form of deed as provided in the

judgment for specific performance, and imposed upon him a fine in the sum of $200 to be paid into the registry of the court, together with the costs of the proceeding; and also adjudged that, if the defendant did not execute and acknowledge the deed within five days, that he be imprisoned in the county jail until he should execute and deliver the deed as ordered by the court. From this order, the present appeal is prosecuted.

The first point is that, this being a contempt proceeding, the state should have been added as a party plaintiff. In support of this position, attention is called to Rem. & Bal. Code, § 1054 (P. C. 81 § 1851). Construing this particular section in *Poland v. Poland*, 63 Wash. 597, 116 Pac. 2, it was said:

"The jurisdictional attack is made upon two grounds, it being first contended that, as the show-cause order of June 20 required the respondent to appear or be adjudged in contempt, it was a contempt proceeding, and as such should have been brought in the name of the state, under Rem. & Bal. Code, § 1054, providing that:

" 'In the proceeding for a contempt, the state is the plaintiff . . . and in all cases where the proceeding is commenced upon the relation of a private party, such party shall be deemed a coplaintiff with the state.'

"This is not a contempt proceeding. Under our statute a proceeding in contempt is in the nature of a criminal proceeding, in which the only matter to be inquired into is the contemptuous act charged. This is a proceeding in a court of equity in aid of its original jurisdiction, in which the court is seeking the enforcement of its original decree; and although the court required the respondent to appear in response to its order or be adjudged in contempt, the nature of the proceeding was not changed from one of equitable to one of criminal cognizance. It has long been the established practice in this state, in seeking the enforcement of alimony decrees, to entitle the proceeding in the original action, and such practice has been recognized in this court in *Holcomb v. Holcomb*, 53 Wash. 611, 102 Pac. 653, and *Metler v. Metler*, 32 Wash. 494, 73 Pac. 535. Such also is the rule in other states. *Lyon v. Lyon*, 21 Conn. 185; *Andrew v. An-*

*drew*, 62 Vt. 495, 20 Atl. 817.  Had the respondent failed to appear and the court desired to move against him for his refusal, it would have been the commencement of a new proceeding, and, as such, brought under the contempt statute. But so long as the only question before the court involves the construction and enforcement of its original decree, it was an equitable proceeding, properly brought under the original proceeding and properly entitled therein."

That was a divorce case, it is true.  But the statute is there plainly and unequivocally construed.  It cannot be said to mean one thing when invoked in a proceeding for contempt growing out of a divorce action, and another thing when invoked in a proceeding for contempt growing out of an action for specific performance.  In the present case, as in the case cited, the proceeding is in a court of equity in aid of its original jurisdiction, in which the court was seeking the enforcement of the original decree.  Whether the statute is correctly construed in the *Poland* case, we need not inquire.  At most, it is but a rule of practice.  As such, it is desirable that the procedure be plain and uniform.  The proper method of framing the title to the proceeding is not a matter of vital importance.  Much controversy is waged in the briefs over whether the proceeding is a civil or a criminal contempt.  But in the light of the holding in the case referred to, it is unnecessary to review this discussion.  The pursuit of the remedy by contempt was not the commencement of a new proceeding, as determined in the *Poland* case, and was therefore not controlled by the contempt statute.

Upon the merits, it is argued that the appellant was not in contempt because the statutory form of warranty deed tendered was "just as good" as or substantially equivalent, in legal effect, to the form of deed provided for in the judgment. At the time the contract of sale was executed, the land covered by it was a portion of a larger tract then owned by the appellant.  After the execution of this contract, and prior to the entry of the decree of specific performance, the appel-

lant had conveyed the entire tract to a third person. The contract of purchase, as appears from the excerpt set out in the facts stated, gave the respondents the right to collect surface and subterranean waters and to use them upon the premises, even though the supply of such waters upon the premises then or thereafter owned by the appellant should be cut off or reduced. The preservation of this right is provided for in the form of deed set out in the judgment. The right to collect water, even though the supply of such water upon the other premises be cut off or reduced, was a right which would not be preserved to the respondents under the statutory form of general warranty deed, but as already stated, was a right reserved in the contract and provided for in the form of deed which the appellant refused to execute. For this reason, the deed tendered was not a substantial compliance with the decree. Whether it was substantially the same deed in other respects, in legal effect, we need not now inquire.

It is claimed, also, that the proof does not show that the appellant "wilfully" refused to execute the deed and, therefore, that he is not guilty of contempt. Under the criminal code, Rem. & Bal. Code, § 2372 (P. C. 135 § 239), "wilful disobedience to the lawful process or mandate of a court," is made a misdemeanor, and may be punished as a criminal offense. The present proceeding, however, was not brought under that statute, but under the general statute covering contempts. Rem. & Bal. Code, § 1049 (P. C. 81 § 1841), provides:

"The following acts or omissions, in respect to a court of justice or proceedings therein, are deemed to be contempts of court:

"1. Disorderly, contemptuous, or insolent behavior toward the judge while holding the court, tending to impair its authority, or to interrupt the due course of a trial or other judicial proceedings;

"2. A breach of the peace, boisterous conduct, or violent

disturbance tending to interrupt the due course of a trial or other judicial proceeding; . . .

"5. Disobedience of any lawful judgment, decree, order, or process of the court; . . ."

Under subdivision 5 of this section, it is disobedience only, and not wilful disobedience, of any lawful judgment, decree, order or process of the court that constitutes the contempt. The appellant, in refusing to execute the deed provided for in the judgment, was guilty of disobedience to the judgment. Rem. & Bal. Code, § 1050 (P. C. 81 § 1843), provides:

"Every court of justice and every judicial officer has power to punish contempt by fine or imprisonment, or both. But such fine shall not exceed three hundred dollars, nor the imprisonment six months; and when the contempt is not (one) of those mentioned in subdivisions one and two of the last section, it must appear that the right or remedy of a party to an action, suit, or proceeding was defeated or prejudiced thereby, before the contempt can be punished otherwise than by a fine not exceeding one hundred dollars."

Under this section, the fine imposed cannot exceed $100, unless the contempt is one of those mentioned in subdivisions 1 and 2 of Rem. & Bal. Code, § 1049 (P. C. 81 § 1841). When the contempt, as in this case, is that defined in subdivision 5, before a fine can be imposed in excess of $100, it must be made to appear that the right or remedy of the party to an action was defeated or prejudiced thereby. The record does not show that the right or remedy of the respondents was defeated or prejudiced by the contempt of the appellant. The court erred in imposing a fine in a greater amount than the sum of $100.

Error is further sought to be predicated upon that portion of the order in the contempt proceeding which requires the appellant, within five days, to execute and acknowledge in due form, the form of deed provided for in the judgment in the original proceeding, or in the alternative, be committed to the county jail until he shall execute and deliver the

deed. Rem. & Bal. Code, § 605 (P. C. 81 § 1319), provides:

"The several superior courts may, whenever it is necessary, appoint a commissioner to convey real estate,

"1. When, by a judgment in an action, a party is ordered to convey real property to another, or any interest therein;
. . ."

Admitting that, under this statute, the superior court might have appointed a commissioner to make the conveyance, it is not required to do so. No necessity was shown therefor. The court had jurisdiction of the appellant, and there was no reason why he should not execute the conveyance. Some other questions are discussed in the briefs, but they do not possess sufficient merit to justify extending this opinion by their review.

The cause will be remanded, with directions to the superior court to modify the contempt judgment by reducing the fine from $200 to $100. In all other respects the judgment is affirmed.

CROW, C. J., ELLIS, GOSE, and CHADWICK, JJ., concur.