[No. 14556.   Department Two.   March 22, 1918.]

THE STATE OF WASHINGTON, *on the Relation of E. B. Berger et al., Respondents,* v. LEWIS HAIMAN *et al., Appellants.*[1]

ACTION—JURISDICTION—DEFECT OF PARTIES. Where the court has jurisdiction of the subject-matter of the action and of the parties before it, its jurisdiction cannot be assailed because a corporation, which had not been joined, was a necessary party to the action.

CONTEMPT—VIOLATION OF INJUNCTION—CHANGED CONDITIONS—EFFECT. After parties are enjoined from participating in the affairs of a corporation because they were not members, they cannot evade the injunction by proceeding to have themselves elected as members; but it was their duty to show such a changed relation and apply for a modification of the decree, in order to avoid being guilty of contempt in violating the injunction.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered February 3, 1917, adjudging the defendants to be in contempt of court, after a hearing upon a show cause order. Affirmed.

*H. P. Burdick* and *James J. Anderson,* for appellants.
*Huffer & Hayden* and *F. G. Remann,* for respondents.

MOUNT, J.—The appellants in this action were found guilty of disobeying an order of the trial court, were

[1] Reported in 171 Pac. 529.

adjudged in contempt, and fines were imposed upon them. They have appealed from that judgment.

They make two contentions in this court, to the effect: First, that the trial court did not have jurisdiction of the original action; and second, that, after the decree in the original action, conditions were changed so that they did not violate the decree. We shall consider these points in their order.

The original action was brought by a number of members of a corporation against the appellants to restrain the appellants from taking any part in the business and affairs of that corporation. Upon issues joined in that action, the court entered a decree restraining the appellants from taking any part in the affairs of the corporation upon the ground that they were not members of the corporation.

It is argued by the appellants that the trial court had no jurisdiction of the original action by reason of the fact that the corporation, of which the parties plaintiff were members, was not made a party plaintiff or defendant. The appellants do not contend that the court did not have jurisdiction of the subject-matter or of the parties plaintiff or defendant who appeared in that action, but their contention, if we understand it correctly from their brief, is that the corporation itself was a necessary party, and that, without the corporation being made a party plaintiff or defendant, the court had no jurisdiction of the case. Conceding, if we may, that these appellants may, in this case, now question the decree which was rendered in that case, we think it is apparent that the trial court had jurisdiction both of the subject-matter and of the parties who appeared in the action. As was said in *O'Brien v. People ex rel. Kellogg Switchboard & Supply Co.*, 216 Ill. 354, 75 N. E. 108, 108 Am. St. 219:

"Jurisdiction of the particular matter does not mean simple jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the class of cases to which the particular case belongs . . . Whether a complaint does or does not state a cause of action is, so far as concerns the question of jurisdiction, of no importance, for if it states a case belonging to a general class over which the authority of the court extends, then jurisdiction attaches, and the court has power to decide whether the pleading is good or bad."

And in *Board of Supervisors v. Mineral Point R. Co.,* 24 Wis. 93, it was said, at page 131:

"The force or efficacy of a decree, as between the parties before the court, does not depend upon the fact that there may be other persons, proper or necessary parties, who are not before it."

So it seems clear that, even though the corporation, of which the parties plaintiff and defendant in the original action were members, was a necessary party, it does not follow that the court did not have jurisdiction of the subject-matter of the complaint in that action or of the parties who appeared and answered to that complaint. We are satisfied, therefore, that this question is not open to these appellants in this proceeding.

Upon the question of changed condition, it appears that the trial court entered a decree restraining these appellants from participating in the affairs of the corporation. After the decree was entered, and after these appellants had notice of it, they pretended to have themselves elected members of the corporation and then proceeded to transact business of the corporation. When they were cited to show cause why they should not be adjudged guilty of contempt, they proceeded to show that they were elected members of the corporation after the decree. The court, in de-

termining that question, found that the acts which the appellants testified to

"were not had or made in good faith, but for the studied and designed purpose of evading the order and decree of this court, . . ."

We think there can be no doubt, upon the record, that the court was justified from the evidence in arriving at this conclusion. Even if it were a fact that the appellants became members of the corporation after the decree restraining them from interfering with the business and affairs of the corporation, it was still the duty of the appellants, before violating the decree of the court in the original action, to apply to the court to have the decree modified upon the changed condition, and not to violate the decree of which they had notice. If the changed condition had been brought about by operation of law and not by the act of the parties themselves, a different question might be presented. In that event, the cases of *State of Pennsylvania v. Wheeling & Belmont Bridge Co.,* 18 How. (59 U. S.) 421, and *Gardiner v. Ross,* 19 S. D. 497, 104 N. W. 220, cited by appellants, would be in point. But in this case the change of condition was not brought about by operation of law. It was brought about by act of the parties themselves, which the trial court found was not an act of good faith, but was for the designed purpose of evading the order and decree of the court. Under such a condition, it is clear that the rule of the cases cited by the appellants does not control.

We find no error in the judgment of the trial court, and it is therefore affirmed.

ELLIS, C. J., CHADWICK, and HOLCOMB, JJ., concur.