[No. 18228. Department Two. December 6, 1923.]

OREGON MOTOR GARAGE, *Appellant,* v. O. W. WILSON
et al., *Respondents.*[1]

CONTEMPT (6)—INTERFERENCE WITH COURT PROCEEDINGS—REPLEVIN.
Defendants in replevin are guilty of contempt interfering with the
process of the court, within Rem. Comp. Stat., § 1049, where, after
judgment requiring delivery of the property or its value, they de-
fiantly wrecked the car and made it valueless.

APPEAL (386)—REVIEW—RIGHT TO ALLEGE ERROR—WAIVER OF OB-
JECTIONS. Respondents cannot urge that an amendment cannot be
considered, where they made no objection to the amendment and
secured dismissal of the action on other grounds.

CONTEMPT (18)—PROCEEDINGS—AFFIDAVIT—SUFFICIENCY. An affi-
davit for contempt in interfering with proceedings in court, under
Rem. Comp. Stat., § 1049, is sufficient where it alleges that defend-
ants in replevin for an automobile were in possession of the car in
good condition down to the time of the trial, had threatened to
wreck it if judgment went against them, and upon the sheriff's de-
mand after judgment, it was found in their possession in a wrecked
condition and worthless.

Appeal from an order of the superior court for King
county, Bell, J., entered March 29, 1923, dismissing
contempt proceedings, after a hearing before the court.
Reversed.

*Rummens & Griffin,* for appellant.

*A. W. Hastie,* for respondents.

MITCHELL, J.—The Oregon Motor Garage, a cor-
poration, recovered judgment in a replevin action
against O. M. Wilson and others for the return of an
automobile found and declared to be in the possession
of the defendants at the commencement of the action
and also at the date of the judgment, and which was
adjudged to be the property of the plaintiff, or, in the

[1]Reported in 220 Pac. 758.

alternative, to pay the value of it, which was found to be $600. All of the defendants appeared in the action and took part in the trial of it.

Upon the entry of the judgment, the sheriff, accompanied by the plaintiff, promptly made a demand on the defendants for the property and found that it had been seriously damaged and wrecked. Thereupon the plaintiff instituted contempt proceedings against the defendants, supporting the application by its affidavit alleging in effect that the defendants had stated before the suit that they would never return the automobile though the court granted judgment therefor, but that they would wreck the automobile; that, at the trial in the replevin action, they testified that they had put the car in good repair, and at all times after demand by the plaintiff before suit down to the date of the trial they had possession of the car; that, at the date of the sheriff's demand after judgment, the car was in the possession of the defendants in a wrecked condition, the four doors, radiator, hood, battery, side curtains, top, windshield, two tires, two rims and two tubes all having been removed, leaving the car practically valueless, thus defeating and prejudicing the rights of the plaintiff and interfering with the action and process of the court concerning the subject of the suit, and that the defendants were unable to respond in damages.

In answer to a show cause order issued on the affidavit the defendants filed a general demurrer to the facts stated in the petition and affidavit. The demurrer was overruled. Nevertheless, upon request of the plaintiff, the court allowed an amendment of the affidavit, proposed in writing and filed, to the effect that, at the commencement of the trial in the replevin action down until the date of the judgment therein, the auto-

mobile was in good state of repair, and that the damage done to it was committed by the defendants after the entry of the judgment in that suit. Thereafter, and at the same hearing, an order was entered, on motion of the defendants, quashing the show cause order and dismissing the contempt proceedings. The order recites: "No evidence being heard." From the judgment of dismissal, the appeal has been taken.

As stated in the case of *Hall v. Law Guarantee & T. Soc.*, 22 Wash. 305, 60 Pac. 643, 79 Am. St. 935, the principal purpose of the statute in replevin is to secure the possession of personal property. There can be no doubt that the affidavit in the present case alleges that the defendants, as parties to such a suit, defiantly committed certain acts that interfered with proceedings in court that were being had for the purpose of getting possession of personal property, and that their conduct in that respect brings them within the terms of § 1049, Rem. Comp. Stat. [P. C. § 7442], defining contempts.

Some argument is made by the respondents that the amendment of the affidavit allowed by the court is not entitled to be considered because it was not incorporated into the affidavit and thereafter verified. But the respondents, who were present at the time, made no objection whatever to the amendment nor to the manner of making it. They accepted it just as it was and succeeded in having the court dismiss the proceeding, certainly not upon that ground, for it was not urged, and had it been urged the technical objection could have been overcome by having the amendment, as proposed in writing and filed, added to the original affidavit and reverified.

But aside from the amendment, the affidavit was sufficient to put the parties to their defense in proceedings in contempt. It may be mentioned that the record

shows that, on the same day the order of dismissal was entered, the respondents Wilson and Hastie filed a counter-affidavit to the contempt charges, whether before or after the dismissal does not clearly appear. However, with the denials that it contained, it could serve no other purpose than to present issues of fact upon which the parties should have been heard by the introduction of testimony.

Reversed.

MAIN, C. J., FULLERTON, BRIDGES, and PEMBERTON, JJ., concur.