[No. 20670.  *En Banc.*  October 15, 1927.]

THE STATE OF WASHINGTON, *on Relation of State Highway Committee, Plaintiff,* v. ROLAND H. HARTLEY; *Governor, et al., Respondents.*[1]

[1] CONTEMPT (9, 11)— DEFENSES — DISOBEDIENCE OF MANDATE— ABILITY TO OBEY.  In contempt proceedings against the state highway engineer for refusing to obey a mandate of the supreme court to deliver to the state highway committee all its papers and records, it is no defense or excuse that it is difficult or impossible to determine whether some of the papers or records belong to the committee, where it is admitted that the engineer refuses to deliver records admittedly belonging to the committee and about which there is no question or doubt.

[2] SAME (10)—DISOBEDIENCE OF MANDATE—DEMAND—NECESSITY. In such a case, objection to the complaining affidavit of the *Attorney General* cannot be based upon the fact of a prior insufficient demand for return of the records, where it is admitted at the hearing that the return would have been refused no matter who made the demand.

[3] SAME (9, 22)—ABILITY TO OBEY—EVIDENCE—SUFFICIENCY.  In such a case, a sufficient excuse because of the impossibility of complying with the mandate, is not shown by the fact that, for the purpose of making an audit, the engineer delivered the records to the director of efficiency, who placed them in a safe in the engineer's office and refuses to return them or give the combination of the safe, where it appears that the engineer has possession of the safe and could manually deliver the safe and its contents, even if contrary to the orders of the director of efficiency.

[4] SAME (9, 22).  In such a case, the excuse or defense of impossibility of delivering the records cannot be urged, where, in the original proceedings against the engineer to obtain possession of the records, the right thereto was squarely in issue, the engineer asserted that he had the possession, access to which was undenied, and the director of efficiency disclaimed any right or control over them, except subject to the engineer's orders and permission.

[5] SAME (6, 29)—DISOBEDIENCE OF MANDATE—PUNISHMENT—IMPRISONMENT TO COMPEL OBEDIENCE.  Where, in direct disobedience

[1]Reported in 260 Pac. 253.

of the mandate of the supreme court, a state officer, without any valid excuse, fails to deliver records and papers in his possession, he is in contempt of court, and should be imprisoned in the county jail until such time as he complies with the mandate.

Citation for contempt, issued by the supreme court September 20, 1927, to the state highway engineer for refusing to obey the mandate of the court issued September 6, 1927. Judgment and sentence for contempt.

*The Attorney General* and *L. B. Donley, Assistant,* for relator.

*Coleman & Fogarty* and *E. H. Guie,* for respondents.

ASKREN, J.—The original proceeding in this case arose upon an application for a writ of mandate to compel the governor of the state and the state highway engineer to deliver records of the highway committee and bids upon highway road work to the highway committee. *State ex rel. State Highway Committee v. Hartley,* 144 Wash. 332, 258 Pac. 6. In the opinion filed in that case, we held that the delivery of the bids was a moot question because the work must of necessity be re-advertised. Upon the question of the return of the records of the highway committee, we granted the writ against the respondent Humes, the highway engineer, saying:

"On the other branch of the case, involving the records of the state highway committee, the respondent Humes, who it is alleged is in possession of these records, should turn such records over to the possession of the committee, they being the property of and rightfully in the possession of, the committee.

"Therefore the writ is denied as to the respondent Hartley and is granted as to the respondent Humes, who is directed to deliver to the state highway committee all books and records belonging to that committee."

Thereafter, on September 6, 1927, this court issued its peremptory writ of mandate to the highway engi-

neer, which writ, omitting formal matters, required of the highway engineer as follows:

"Now, THEREFORE, you, the said Samuel J. Humes, as highway engineer of the state of Washington, are hereby required and commanded forthwith to return and deliver to the relator herein and to C. W. Clausen, its chairman, any and all books, records, documents, papers and minute books which you have in your possession or under your control."

The order contained in the peremptory writ was not complied with, and thereafter on September 19, the *Attorney General, John H. Dunbar,* as attorney for the highway committee, made written demand upon the highway engineer for the documents covered by the writ. The peremptory writ and the demand not being complied with, the highway committee applied to this court on the 20th of September for an order directing respondent Humes to appear and show cause why he should not be punished for contempt of court. The order was regularly issued on that date, and required respondent to appear on October 7.

The respondent, in response to the order, filed a motion to quash upon two grounds; first, that the affidavit of the *Attorney General* upon which the order was based did not state facts sufficient to constitute contempt; and secondly, that the peremptory writ of mandate issued by this court on September 6 was void for indefiniteness and uncertainty.

We shall take up these grounds in inverse order, for it is manifest that, if the peremptory writ was void, then there could be no contempt for failure to comply therewith.

[1] We have set out above the material parts of the writ. It is not claimed that the writ was ambiguous, nor that the respondent does not understand what is required of him; but it is urged that the records of the committee are, to some extent, so commingled

with those of the engineer that it is not possible to definitely ascertain whether some of the records are those of the committee or the engineer. It is admitted, however, that certain of the documents called for by the writ are clearly and unmistakably the records of that body, especially the minute books which contain the proceedings of that body. The respondent has refused to turn over the minute books or any other books, documents or records showing a clear and definite refusal to comply with the writ. If it is true that there are some records that the engineer cannot determine from an inspection thereof whether they belong to the records of his office or those of the highway committee, surely this cannot be an excuse for failure to deliver those that are, without dispute, the records of the committee.

[2] The argument offered in support of the ground that the affidavit of the *Attorney General* does not state facts sufficient to constitute contempt is based upon the fact that the demand was made by the *Attorney General* as attorney for the committee, and not by personal demand of the chairman of the committee. This point may be summarily disposed of against respondent, for it was admitted in oral argument, and shown clearly by the return, that delivery would have been refused no matter who made the demand.

[3] In addition to the motion to quash, respondent filed a return to the order, consisting of a printed brief of 116 pages, practically all of which is given over to a copy of correspondence between the director of efficiency and the respondent. Based upon this correspondence and facts set out therein, respondent avers that the reason he has not complied with the peremptory writ is because it is physically impossible for him to do so.

Briefly stated, the facts upon which it is sought to show that there is a sufficient excuse for disobeying the writ of the court are as follows: It is claimed that the director of efficiency desired to audit the books of the highway committee, and for that purpose the director has placed a safe in the vault of the highway engineer's office, and placed all the documents here in dispute therein, and that respondent does not know the combination thereof; that the director of efficiency is examining and auditing said records and has found discrepancies and irregularities therein; that he will not return the records to the highway engineer and insists upon keeping them until he has completed his audit, which will take months to conclude; that the director of efficiency began this audit May 3, 1927, and

". . . that at all times since May 3, 1927, said records have been so held subject to the orders of the director of efficiency."

It is clear that this is no return sufficient to absolve respondent. It shows that, within a vault in his office, the respondent has the records here in question. It may be true that they are locked within a safe, the combination to the lock of which he does not know; but he has possession of the safe which contains these records and there is no reason why he cannot manually deliver the safe and its contents to the relator, unless it be found in the letter to respondent from the director of efficiency directing him not to allow any of the records to be removed from the office of the highway engineer. Upon reflection, it will be seen that this letter furnishes no excuse for defying the order of the court.

It must be apparent that it is no defense to a writ commanding the respondent to turn over the records to the committee for him to reply,

"The records are here in my office but I have allowed the director of efficiency to place them in a safe and he orders me not to allow them to leave the office.''

We do not now determine the rights of the department of efficiency in auditing the books of the committee. It will be time enough when that question is squarely presented to us with the proper parties before the court. The delivery of the books and documents called for by the writ will in no manner hinder the department of efficiency in proceeding with its audit. For the most part, the documents demanded by the committee are the minutes of the proceedings and these are in no wise helpful in examining the financial accounts. Whatever audit is deemed necessary by the director of efficiency should proceed in the ordinary and customary way by an examination of the documents at the place where they are by the highway committee lawfully kept.

[4] But there is another complete answer to the return as made. The right to the books and documents of the highway committee was squarely before the court in the original proceeding. No such contention as is now made was offered at that time. Then it was asserted that respondent had possession of the records and that access to them was undenied. In support of the argument, respondent filed as an exhibit a copy of a letter from the director of efficiency to the majority of the highway committee. This letter squarely placed the director on record as not attempting to control the records nor to determine who was the proper custodian, but expressed the belief that the respondent was the proper custodian, and asserted that the department should not permit access to them without permission of the respondent. The letter reads in part as follows:

"This department is in no manner charged with the custody of the highway records, nor is it our proper function to determine who may or may not be entitled to access to, and the use of such records, or to pass upon the question as to which are records of the state highway committee, and which of the state highway engineer.

"All records now in the hands of this department's examiners were placed there by the state highway engineer, and in so far as we know, or are advised, he is the proper custodian of the records. We feel that this department would not be within its rights to permit anyone to have access to the records, except upon his order, or with his permission."

It would be difficult to use clearer language to show that the department during its examination was holding the records subject to the control of the respondent. It is upon the record made at that time, showing the control of the respondent, that we ordered the return thereof by him.

Now it is sought to claim that the director took control of the records and that respondent has neither control nor possession. Such a change of position cannot be maintained. We cannot countenance the shifting of position with the evident purpose of finding a seeming excuse for disobeying our writ and flouting the order of the court. It is clear that, when this court determined the right of a majority of the highway committee to function as a body, the right of the committee to have possession and control of its records was hardly a debatable question then, and certainly has not been an open question since.

The facts we have detailed show that respondent has refused to comply with the writ of this court, from which it is impossible to escape the conclusion that the refusal is contemptuous, and that such action should be appropriately met in a way that will compel performance of the order of the court.

In determining how this should be done, we are not disposed to place any undue burden upon respondent, for it seems clear that he is but following the orders of one whom respondent, at least for the purposes of the instant case, has seen fit to consider as his superior officer. On the other hand, no spirit of euphemism must be permitted to lead us away from the direful effects of this situation, for government cannot function unless the orders of the court, duly and legally entered, are complied with. The usefulness of the court is coextensive and inseparably bound up with respect for, and acquiescence in, its decisions, so that rights of parties established by the court may become effectual.

We are of the opinion that the respondent Humes should be confined in the Thurston county jail until such time as he shall deliver to the committee its minute books and such other documents called for by the peremptory writ, as the respondent can determine from inspection belong to the committee under our decision heretofore entered. A writ to this effect will be issued at once.

Mackintosh, C. J., French, Mitchell, Main, Tolman, Parker, and Fullerton, JJ., concur.

Holcomb, J. (concurring)—While I do not agree with all that is said in this opinion, the law of the case was made in the former decisions, in consequence of which this decision juridically and necessarily follows.

I therefore concur in the result.