[No. 27632. Department Two. June 12, 1940.]

JOANNA BERNARD CONANT, *Respondent,* v. THE STATE OF WASHINGTON *et al., Appellants.*[1]

*The Attorney General* and *Harry L. Parr, Assistant,* for appellants.

*Richard A. Williams,* for respondent.

[1]Reported in 103 P. (2d) 368.

JEFFERS, J.—This proceeding arises out of the alleged failure of Mr. Ernst, as director of the state department of social security, to comply with a judgment of the trial court entered February 24, 1938, in the case of *Conant v. State*, 197 Wash. 21, 84 P. (2d) 378, and the judgment entered on the remittitur on February 27, 1939.

An *En Banc* decision was rendered by this court in the *Conant* case, and filed on November 18, 1938. A petition for rehearing was filed and thereafter, on January 23, 1939, denied. Judgment was entered by this court on February 24, 1939, and the remittitur was sent down on the same day. On February 27, 1939, judgment was entered on the remittitur, in Spokane county.

Chapter 25, Laws of 1939, p. 80, § 1, Rem. Rev. Stat. (Sup.), § 9998-1a [P. C. § 6233-151a], by which the state disclaimed liability for any and all claims heretofore filed or entered, or which hereafter may be filed or entered against it, wherein the state was sought to be held for grants of old age assistance to persons or individuals as a matter of right, and not upon the basis of need, became effective February 25, 1939, which date, as will be noticed, was after the judgment of this court became final, but two days before judgment was entered on the remittitur by the trial court.

After the entry of judgment on the remittitur, and on March 14, 1939, the director of the department of social security, department of public welfare (who will hereinafter be referred to as the director), filed in the cause a paper termed "Return of Director of Social Security." As a part of, and attached to, such return, is a copy of chapter 25, Laws of 1939. It is alleged in the return that chapter 25 bars the payment of any claim not made on need, as defined in that act; that the judgment in the *Conant* case was signed subsequent to the passage of the act (this reference being

to the judgment of February 27th on the remittitur, by the trial court), and is a judgment for thirty dollars per month as a matter of right, without need, and is barred by the act.

While counsel for the director had notice of the presentation of the judgment to the trial court for signature, and was present when the same was signed on February 27, 1939, it does not appear that any objection was made to the form of the judgment as presented and signed, or that any objection was made to the entry thereof.

Mrs. Conant filed an answer to the return of the director, in which she alleged and contended that chapter 25 was not a bar to a recovery by her of all the rights given her under the judgments hereinbefore referred to. Thereafter, on April 20, 1939, Mrs. Conant, apparently proceeding under Rem. Rev. Stat., § 1049 [P. C. § 7442] *et seq.,* commenced a proceeding entitled:

"The State of Washington on the Relation of Joanna B. Conant, Plaintiff, v. Charles F. Ernst, Director of the Department of Social Security, Department of Public Welfare of the State of Washington, Defendant. In the Matter of the Application of Joanna B. Conant for Old-Age Assistance under Chapter 182 of the Laws of 1935 and Amendatory Act Chapter 156 of the Laws of 1937 of the State of Washington,"

and filed a motion wherein she asked that a show cause order issue, requiring the director to appear and show cause why he should not be punished for contempt, for failure to comply with the judgment entered by the trial court on February 24, 1938 (that being the original judgment from which the appeal was taken), and the judgment of February 27, 1939. The above motion was supported by the affidavit of Mrs. Conant.

A show cause order was issued on April 20th, re-

quiring the director to appear on April 25, 1939, to show cause why he had failed to comply with such judgment, and why he should not be punished for contempt for such failure. On the return day, the director, acting through the attorney general, filed a motion to quash the show cause order, on the grounds that the same had been improvidently issued; that the director had theretofore made a return, on which Mrs. Conant had joined issue, and that issue had not yet been decided; that the motion for a citation for contempt did not state facts sufficient to constitute a cause of action; that Mr. Ernst is director of an administrative state agency, with only such powers as are delegated to him by law; that he has no power to expend money except such as is allotted by the governor; and that the governor has made no allotment for the payment of this judgment.

The director also filed a return to the show cause order, in which he admitted receipt of the judgment signed February 27, 1939, and then reiterated the last ground stated in the motion to quash. This return was signed and verified by an assistant attorney general.

On May 27, 1939, the trial court filed a memorandum decision, wherein the court referred to all the proceedings hereinbefore set out, stating:

"The purported return to the judgment was purely gratuitous, not in response to any pending proceeding and may with the answer, therefore, be treated as a nullity.

"On the other hand, I do not believe that the petitioner has proceeded in conformity with the statute. Section 512, R. R. S. relates to enforcement of judgments in particular cases and is as follows:

" 'When any judgment of a court of record of this state requires the payment of money, or the delivery of real or personal property, the same may be enforced in those respects by execution, as provided in this act. When it requires the performance of any other act, a

certified copy of the judgment may be served on the party against whom it is given, or the person or officer who is required thereby, or by law, to obey the same, and a writ shall be issued commanding him to obey or enforce the same. If he refuses, he may be punished by the court as for contempt.'

"Counsel for petitioner relies on subdivision 5 of section 1049, R. R. S. as the authority for his procedure, but as I view it, this section of the statute, including subdivision 5, is only a comprehensive definition of contempt, while section 512 sets forth the procedure necessary as a prerequisite to a citation for contempt. The director would not be in contempt merely because he has failed to comply with the judgment. The question of contempt, as I view it, will arise only after the writ contemplated by section 512 has been issued and served upon the director and he has refused to render obedience to the same. . . .

"By reason of the failure of petitioner here to comply with said section 512 of the statute I am impelled, therefore, to treat the petition as an ex-parte application for the writ provided for in said section 512, and the order is hereby granted for the issuance of the writ directed to Charles F. Ernst as director of the department of public welfare, department of social security of the state of Washington, commanding him to obey the order of the supreme court as set forth in its judgment."

Pursuant to the views expressed in its memorandum opinion, the trial court, on June 6, 1939, entered an order, which provided in part as follows:

"It is now further ordered that you, the said Charles F. Ernst, director of the department of public welfare, department of social security of the state of Washington, do forthwith obey and perform the said judgments hereinbefore referred to, and grant the said application of Joanna B. Conant for old-age assistance in the sum of not less than $30 per month, commencing with August 2, 1937, and up to February 25, 1939, and now pay the said claim and otherwise comply with the said section 512, Remington's Revised Statutes.

"It is further ordered that a copy of this order and writ to which there be attached a copy of said order and judgment of February 27, 1939, and a copy of said judgment of the supreme court of February 24, 1939, exclusive of the dissenting opinion, be served on said director."

It was from the order last above referred to that this appeal by the director was taken.

■ We are of the opinion the trial court erred in holding that the issuance of a writ, as provided in Rem. Rev. Stat., § 512, was necessary before a citation for contempt could issue herein. We are satisfied that Mrs. Conant was entitled to such a citation upon the showing made under the authority of Rem. Rev. Stat., § 1049 *et seq.*, and particularly under § 1049, which provides in part:

"The following acts or omissions, in respect to a court of justice or proceedings therein, are deemed to be contempts of court: —  . . .

"5. Disobedience of any lawful judgment, decree, order, or process of the court;"

and § 1052 [P. C. § 7445], which provides:

"In cases other than those mentioned in the preceding section [the preceding section refers to contempt committed in the presence of the court], before any proceedings can be taken therein, the facts constituting the contempt must be shown by an affidavit presented to the court or judicial officer, and thereupon such court or officer may either make an order upon the person charged to show cause why he should not be arrested to answer, or issue a warrant of arrest to bring such person to answer in the first instance."

As we have stated, we are clearly of the opinion that Mrs. Conant proceeded properly herein, and apparently the trial court was of that opinion at the time the motion and affidavit was filed, because the trial court issued a show cause order. However, on the return day, or a day fixed by the trial court therefor, the trial

court, instead of proceeding to hear and determine whether or not the director should be adjudged in contempt, decided that, before that could be done, a writ must issue and be served on the director, as provided by § 512, *supra,* and accordingly such an order and writ were issued. This order is not, and does not purport to be, an order or judgment of contempt.

The following cases deal with contempt proceedings, wherein disobedience of a judgment or order was charged, and in none of them was § 512, *supra,* referred to, nor does it appear from these cases that it was necessary to procure such a writ before a citation for contempt could issue. *State ex rel. Smith v. Smith,* 17 Wash. 430, 50 Pac. 52; *State ex rel. Brown v. McFaul,* 27 Wash. 286, 67 Pac. 564; *State ex rel. Curtiss v. Erickson,* 66 Wash. 639, 120 Pac. 104; *State ex rel. Olding v. Stampfly,* 69 Wash. 368, 125 Pac. 148; *Wright v. Suydam,* 79 Wash. 550, 140 Pac. 578; *State ex rel. Berger v. Haiman,* 100 Wash. 632, 171 Pac. 529; *State v. McCoy,* 122 Wash. 94, 209 Pac. 1112; *Oregon Motor Garage v. Wilson,* 127 Wash. 257, 220 Pac. 758; *State ex rel. State Highway Committee v. Hartley,* 145 Wash. 327, 260 Pac. 253; *State ex rel. Seattle Bottlers Ass'n v. Flora Co.,* 169 Wash. 120, 13 P. (2d) 467.

▮ That the trial court had the right, and that it was its duty, in a proper case, to issue a citation for contempt, for failure to obey a judgment entered on a remittitur, see *State ex rel. Smith v. Smith,* 17 Wash. 430, 50 Pac. 52, and *Wright v. Suydam,* 79 Wash. 550, 140 Pac. 578.

We also find this statement in 5 Bancroft's Code Pleading, Practice and Remedies (10 Year Supp.), 4444, § 7442:

"When a judgment or decree has been affirmed and the execution thereof is by the remittitur again placed within the jurisdiction of the trial court, it has the

same right and duty to carry the decree into effect as it would have had in the absence of an appeal."

We are clearly of the opinion that, under the provisions of Rem. Rev. Stat., § 1049 *et seq.*, and the cases herein referred to, Mrs. Conant was entitled to a hearing and a determination of the alleged contempt, based upon her motion and supporting affidavit, and that the trial court was without authority and in error in considering such motion and affidavit as an *ex parte* application for the writ provided for by Rem. Rev. Stat., § 512, and in requiring that such an order issue and a copy thereof be served upon the director before contempt proceedings would lie.

In view of the peculiar circumstances of this case, we feel no costs should be allowed to either party herein.

The order appealed from is reversed, with directions to the trial court to proceed to hear and determine the contempt proceedings on the issues presented by the motion and affidavit of Mrs. Conant and the return of the director.

BLAKE, C. J., BEALS, and STEINERT, JJ., concur.