[No. 32218.   Department Two.   February 27, 1953.]

THE STATE OF WASHINGTON, *Respondent,* v. A. E. BOREN,
*Appellant.*[1]

*Will Lanning, Bill Lanning,* and *Phyllis L. Dolvin,* for appellant.

*Charles O. Carroll* and *John L. Vogel,* for respondent.

HILL, J.—The defendant appeals from a judgment finding him to be "guilty of Contempt of Court" and directing that he be punished by confinement in the county jail for ten days and that he pay a fine of two hundred dollars.

Pursuant to our *En Banc* decision in *State v. Boren,* 36 Wn. (2d) 522, 219 P. (2d) 566 (1950), a judgment and decree was entered February 15, 1951, permanently enjoining A. E.

[1] Reported in 253 P. (2d) 939.

Boren (and others) from practicing dentistry in the state of Washington without a license.

Appellant was charged with contempt of court by an information filed October 18, 1951, alleging that he had wilfully disobeyed the lawful mandate of the superior court, to wit, the injunction entered February 15, 1951, by unlawfully practicing dentistry at 2005 Westlake avenue in Seattle. Appellant does not, in his assignments of error, take the position that the evidence was not sufficient to establish that he was practicing dentistry without a license, and makes no attack upon the trial court's findings of fact.

. The trial court found that on or about August 17, 1951, appellant extracted a tooth for Mrs. Genevieve Wing, having first injected novocaine into her gums, and made a charge of five dollars therefor; and that, in the latter part of July or the first part of August, 1951, he extracted a tooth and filled two teeth for Amy Profitt, without charge. These acts constitute the practice of dentistry. RCW 18.32-.020; cf. Rem. Rev. Stat. (Sup.), § 10031-6.

The trial court made a long and rather detailed finding with reference to the operation of a dental office at 2005 Westlake avenue in Seattle, from which the conclusion could justifiably be drawn that appellant owned, maintained, or operated an office for the practice of dentistry, which also constitutes the practice of dentistry (RCW 18-.32.020), and that he had no license so to do as required by RCW 18.32.090 (cf. Rem. Supp. 1941, § 10031-4). See *State v. Boren, supra,* in which the statutes above referred to were construed.

Appellant, by his assignments of error, makes a collateral attack upon the jurisdiction of the superior court for King county to enter an injunction restraining him from practicing dentistry without a license; and makes an attack upon the jurisdiction of the particular department of the superior court for King county which heard the contempt proceeding. He also assigns as error the failure to accord him a jury trial, particularly in view of the fact that he had entered a plea of former acquittal, which he contends raised an issue

of fact, apart from the issue of contempt, which he was entitled to have determined by a jury.

We will hereinafter dispose of certain assignments of error that are without substance, but before doing so we will state that the appellant was entitled to a jury trial, not because he interposed a plea of former acquittal, but because, being charged with a criminal offense (a misdemeanor), he was guaranteed the right to a jury trial by our state constitution, Art. I, § 22.

The statute under which appellant was tried is part of the criminal code adopted in 1909, and reads as follows:

"Every person who shall commit a contempt of court of any one of the following kinds shall be guilty of a misdemeanor: . . .

"4.   Wilful disobedience to the lawful process or mandate of a court. . . ." Laws of 1909, chapter 249, § 120, p. 925; *cf.* RCW 9.23.010; Rem. Rev. Stat., § 2372.

The information on which he was tried reads as follows:

"He, the said A. E. BOREN, in the County of King, State of Washington, on or about the 17th day of August 1951, willfully and unlawfully did disobey a lawful mandate of the Superior Court of the State of Washington, for King County, to-wit: an injunction entered on the 15th day of February, 1951, in cause No. 400083, permanently enjoining the defendant [appellant], A. E. BOREN from practicing dentistry without a license within the State of Washington, by willfully and unlawfully practicing dentistry within King County, in the State of Washington; at 2005 Westlake Avenue, in the City of Seattle;

"Contrary to the statute in such case made and provided, and against the peace and dignity of the State of Washington."

That there should be any doubt as to his right to a trial by jury on such a charge is due to the failure heretofore to distinguish between a trial on a criminal charge under RCW 9.23.010 (*cf.* Rem. Rev. Stat., § 2372) and a proceeding under the general contempt statute, RCW 7.20.010 *et seq.* (*cf.* Rem. Rev. Stat., § 1049 *et seq.*). The former (RCW 9.23-.010) lists eight kinds of contempt of court that are misdemeanors. (We are here concerned with only the one quoted

above.) The latter (RCW 7.20.010 *et seq.*) sets out twelve acts and omissions that are deemed to be contempts of court. This statute outlines procedures for bringing the matter to the attention of the court when the alleged contempt is committed outside the "immediate view and presence" of the court, and for the hearing to be accorded the alleged contemnor. In a proceeding under the general contempt statute (RCW 7.20.010 *et seq.*) there is no right to a trial by jury; on the other hand, in the trial of an individual charged with crime, *i.e.*, a misdemeanor, under RCW 9.23.010, the defendant has a constitutional right to a trial by jury that cannot be denied.

We frequently have referred to certain proceedings under the general contempt statute (RCW 7.20.010 *et seq.*) as "quasi-criminal," but there is nothing "quasi" about the trial of an individual charged under RCW 9.23.010, which came into our statutes as part of the criminal code, being § 120 of chapter 249, Laws of 1909. The title of that act was:

"AN ACT relating to crimes and punishments and the rights and custody of persons accused or convicted of crime, and repealing certain acts."

In the annotations under Rem. Rev. Stat., § 2372, and in different wording under RCW 9.23.010, *State ex rel. Dailey v. Dailey*, 164 Wash. 140, 2 P. (2d) 79 (1931), is cited as authority for the proposition that:

"Constitution Art. I, § 22, providing for trial by jury 'in all criminal cases' does not apply to a prosecution for criminal contempt under this section."

We must confess that we are in a large measure responsible for the confusion in that we have not always made plain and definite the distinction between these statutes; nevertheless, we did not so hold in *State ex rel. Dailey v. Dailey*, *supra*, and if we had it would have been *obiter*, as the proceeding against Dailey was not by indictment or information for a misdemeanor under RCW 9.23.010 but was clearly a contempt proceeding initiated by affidavit under RCW 7.20-.010 *et seq.*

The cases cited and relied upon by respondent to sustain the refusal to grant a jury trial relate to proceedings to determine whether an individual has or has not been guilty of contempt of the court conducting the inquiry. They relate to proceedings falling within that portion of our statutes governing contempts and their punishments under RCW 7.20.010 *et seq.* The reason for denying the purported contemnor the right to a jury trial in such a proceeding is well stated and at length in *State ex rel. Dailey v. Dailey, supra,* which statement was quoted *in extensio* in *Blanchard v. Golden Age Brewing Co.,* 188 Wash. 396, 423-4, 63 P. (2d) 397 (1936). The gist of that statement is that:

"It is manifestly incompatible with the proper and efficient exercise by a judicial tribunal of its necessary functions that the fact of whether or not a contempt . . . has been committed, be submitted to some other tribunal for determination."

■ The reasoning therein is, of course, applicable only where the proceeding is before the court against which the contempt is alleged to have been committed, and only that court can proceed under RCW 7.20.010 *et seq.* However, regardless of whether that court takes action, there might be a prosecution under RCW 9.23.010, which forms the basis of the charge against this appellant.

In *People ex rel. Sherwin v. Mead,* 92 N. Y. 415, 420 (1883), referring to a prosecution under a statute similar to our RCW 9.23.010, it was said:

"It was not necessary to the validity of the indictment that the accused should first have been adjudged in contempt by the court whose process he disobeyed. The two proceedings are wholly independent of each other. One who disobeys the lawful order of a court not only offends against the dignity of the particular tribunal, but also against the public law. The particular court may pass over the contempt and suffer its order to be spurned, but the offense against the people remains. Their authority has been contemned, the administration of public justice assailed, and its power despised. For such an offense the guilty party may be punished by indictment, although the court whose order has been disobeyed may take the in-

dignity in silence. The statute has made such disobedience, when willful in its character, an offense against the people, and not left it dependent upon the action or non-action of the specific judge or court. The statute contemplates that both remedies, or either may be pursued. If the court has first moved and proceeded against the offender by attachment and inflicted punishment, he may nevertheless be indicted for the same wrong, but in that event the sentence is to be affected by the previous punishment. (3 R. S. [6th ed.] 442, § 14.) We have considered the argument very elaborately stated, founded upon the phrase in the criminal statute, 'every person who shall be guilty of a criminal contempt,' and construing the word 'guilty' to mean adjudged guilty by the court whose process has been disobeyed, without being convinced by it. We have no doubt that the language means guilty in fact of the willful disobedience which constitutes a criminal contempt, although not so adjudged by the court whose process has been disregarded."

(It is worthy of note that we copied RCW 9.23.010 from the New York penal code, and long subsequent to the decision just quoted.)

The distinction between a criminal prosecution under RCW 9.23.010 and a contempt proceeding under RCW 7.20.010 *et seq.* arising out of the same wilful disobedience of the same order is apparent where the criminal action is prosecuted in a court other than the one that issued the order that has been disobeyed. The fact that in this case the appellant is being prosecuted in the superior court for King county for the misdemeanor of contempt because of his wilful disobedience of a lawful mandate of the superior court for King county in a civil action, tends to obscure that distinction. The offense charged under RCW 9.23.010 being a misdemeanor, the appellant could have been charged and tried in a justice court. RCW 3.20.040; *cf.* Rem. Rev. Stat., § 46 (providing that

"Justices of the peace shall have jurisdiction concurrent with the superior courts of all misdemeanors and gross misdemeanors committed in or which may be tried in their respective counties . . .").

Under similar statutes in California, it has been pointed out repeatedly that justice courts have jurisdiction to try criminal actions for contempt of the superior court. *In re Bruns,* 15 Cal. App. (2d) 1, 58 P. (2d) 1318 (1936); *In re Morris,* 194 Cal. 63, 227 Pac. 914 (1924). In the latter case, the supreme court of California said:

"But these cases do not hold that when an act which is a contempt of court is at the same time a specific criminal offense, denounced as such in the Penal Code, it will not be punishable as such. It was the plain intent of the legislature expressed in the cited code sections to give a double aspect to the wrongful acts there enumerated. In one aspect they are to be regarded as offenses against the dignity and authority of the court, remediable in accordance with the rules prescribed in the Code of Civil Procedure. In the other aspect they are to be regarded as offenses against the peace and dignity of the people of the state of California, and remediable as such in accordance with the rules prescribed in the Penal Code."

When appellant Boren pulled and filled teeth without a license, he (1) violated RCW 18.32.090 (*cf.* Rem. Supp. 1941, § 10031-4), prohibiting the practice of dentistry without a license, which constitutes a gross misdemeanor (RCW 18.32.390; *cf.* Rem. Rev. Stat. (Sup.), § 10031-16), and was subject to prosecution therefor. By pulling and filling teeth without a license, he also (2) violated an injunction issued by the superior court for King county and could have been proceeded against by the procedure outlined in RCW 7.20.010 *et seq.* and adjudged guilty of contempt and punished therefor by the court which issued the injunction; and he was also subject to prosecution for (3) a violation of RCW 9.23.010.

If prosecuted for (1) or (3), *supra,* he would be charged with a specific criminal offense and would be entitled to all the rights of a person accused of crime, including a trial by jury; if the proceeding was for an adjudication of contempt under (2), *supra,* he would not be entitled to a jury trial, for the reasons indicated in *State ex rel. Dailey v. Dailey, supra,* and *Blanchard v. Golden Age Brewing Co., supra.*

Our holding in this case in no way minimizes the inherent power of a court to determine whether a contempt has been committed and to punish the contemnor. We merely say that if a person is charged by an indictment or information with a criminal offense, he is entitled to trial by jury..

We have perhaps unduly labored these distinctions in this case, but we feel our failure so to do in *State ex rel. Dailey v. Dailey, supra,* is responsible for the position taken by the respondent and the trial judge, albeit on the latter's part with manifest reluctance and against his better judgment, as indicated by his statements in the record.

We have examined all of our cases in which the section of the criminal code under which the appellant is charged (RCW 9.23.010) has been cited and discussed, and find that only two prosecutions thereunder have ever been before this court, although reference is made to that section in a number of cases brought under the general contempt statute (RCW 7.20.010 *et seq.*), as *State v. Buddress,* 63 Wash. 26, 114 Pac. 879 (1911); *Wright v. Suydam,* 79 Wash. 550, 140 Pac. 578 (1914); *State v. Zioncheck,* 171 Wash. 388, 18 P. (2d) 35, 23 P. (2d) 1118 (1933); *State ex rel. Dailey v. Dailey, supra; Blanchard v. Golden Age Brewing Co., supra.*

It is clear that in the *Buddress* case, *supra,* the first case in which any reference was made to the statute under which the appellant is charged, the trial court proceeded under Rem. & Bal. Code, § 1051 (presently RCW 7.20.030; *cf.* Rem. Rev. Stat., § 1051), which provides for summary punishment for contempt when committed in the immediate view and presence of the court. The court referred to Rem. & Bal. Code, § 2372 (presently RCW 9.23.010), as defining the elements of contempt, which actually it does not do; that section lists the particular contempts which constitute misdemeanors.

The first of the two cases referred to as involving charges of misdemeanor under the statute under which appellant Boren was charged, was *State v. Angevine,* 104 Wash. 679, 177 Pac. 701 (1919). The defendant in that case *had a jury*

*trial* and was convicted, and the conviction was affirmed. Judge Parker, in a concurring opinion, made clear the distinction between the trial of a person charged with a misdemeanor under Rem. & Bal. Code, § 2372 (now RCW 9.23.010), and the trial of a person charged in a contempt proceeding under the general contempt statute (Rem. & Bal. Code, § 1049 *et seq.*; now RCW 7.20.010 *et seq.*).

The other contempt case under RCW 9.23.010 was *State v. Lew,* 25 Wn. (2d) 854, 172 P. (2d) 289 (1946), which was before this court on an appeal from an order dismissing a prosecution, after the trial court had sustained a plea in abatement and a demurrer to the information. We held that the trial court erred in sustaining the demurrer and the plea in abatement, and sent the case back for trial. No question as to the right to a trial by jury was before this court.

In the present case, we hold that a defendant charged with a misdemeanor under RCW 9.23.010 is entitled to a trial by jury, for reasons already too extensively elaborated.

Other assignments of error concerning matters which may be urged upon a retrial will be briefly noted. Assuming that appellant can in such a case challenge the validity of an order of the superior court, from which he has not appealed, prohibiting him from practicing dentistry without a license, we think his attack upon the jurisdiction of the superior court for King county to enjoin him from committing a crime is without merit. Engaging in any business or profession in defiance of law regulating or prohibiting the same is a nuisance *per se,* and a person so engaged may be enjoined from so doing, even though there may be, for the wrong committed, the legal remedy of arrest and punishment. *Puget Sound Traction Light & Power Co. v. Grassmeyer,* 102 Wash. 482, 173 Pac. 504 (1918); see, also, *Ingersoll v. Rousseau,* 35 Wash. 92, 76 Pac. 513 (1904), and *State v. Lew, supra.* The injunction in this case is specifically authorized by statute. RCW 18.32.380; *cf.* Rem. Rev. Stat. (Sup.), § 10031-23.

With reference to appellant's plea of former ac-

quittal, we would point out that that is not good as a matter of law and hence it cannot raise an issue of fact. Double jeopardy does not exist where a defendant stands charged of different offenses, even though those offenses arise out of the same act. *State v. Kingsbury,* 147 Wash. 426, 266 Pac. 174 (1928); *State v. Lindsey,* 193 Wash. 241, 74 P. (2d) 1021 (1938); *State v. Barton,* 5 Wn. (2d) 234, 105 P. (2d) 63 (1940); *In re Huffman v. Smith,* 34 Wn. (2d) 914, 210 P. (2d) 805 (1949). In the first cited case, it was said:

"It will be admitted that there was no evidence offered in support of one charge that was not offered in support of the other, but this is not sufficient to make the offenses identical. To be such, they must be not only identical in fact but also in law."

Appellant's acquittal on a charge of practicing dentistry without a license predicated upon RCW 18.32.390 (*cf.* Rem. Rev. Stat. (Sup.), § 10031-16) is no defense to the charge of committing a misdemeanor by violating an injunction restraining him from practicing dentistry without a license brought under RCW 9.23.010; nor (*obiter* for the purpose of meeting appellant's argument on the point) would it be a defense to a contempt proceeding under RCW 7.20.010 *et seq.*

In this case, although our decision would have been the same had the evidence established only the pulling of a tooth for Mrs. Wing, on which act the prosecution under RCW 18.32.390 was based, there was, in addition thereto, evidence which established an extraction and fillings for Miss Profitt, and also evidence from which a jury could have found that the appellant owned, maintained or operated an office for the practice of dentistry, which in itself constitutes the practice of dentistry by the express terms of RCW 18.32.020 (3). See *State v. Boren,* 36 Wn. (2d) 522, 219 P. (2d) 566.

The judgment appealed from is set aside, and the cause is remanded with instructions to grant the appellant a jury trial.

SCHWELLENBACH, HAMLEY, FINLEY, and OLSON, JJ., concur.