# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| RICHARD SORRELS, RCJS PROPERTIES, LLC, | No. 52025-7-II |
| Appellant, | |
| v. | |
| PIERCE COUNTY, | UNPUBLISHED OPINION |
| Respondent. | |

LEE, C.J. — Richard Sorrels appeals the superior court's order denying his Land Use Petition Act (LUPA), chapter 36.70C RCW, appeal of the Pierce County Hearing Examiner's decision affirming a Notice of Violation and Abatement (NOVA) issued by the County. We affirm the superior court's order denying Sorrels's LUPA petition.

## FACTS

RCJS Properties, LLC owns a piece of property on Key Peninsula Highway. Sorrels is the sole member of RCJS Properties. In June 2015, Pierce County began receiving complaints about Sorrels moving recreational trailers onto the property. The County continued to receive citizen complaints documenting an increase in the number of vehicles being brought onto the property.

Code Enforcement Officer Mark Luppino investigated the complaints regarding the property. On October 2, 2015, Luppino issued a civil infraction to Sorrels for violating Pierce County's home occupation ordinance, Pierce County Code (PCC) 18A.36.070K.1-2. The infraction asserted that Sorrels was improperly running a business out of a single-family residence

based on the amount of vehicles on the property, the fact that the property was owned by a business entity, and the majority of the vehicles were owned by other business entities. PCC 18A.36.070K.1 sets out standards for permitting a home or cottage industry in a residential area. And PCC 18A.36.070K.2 sets out the specific requirements for Home Occupation Permit. The district court found that the civil infraction alleging a violation of the home occupations ordinance was not committed.

On July 19, 2016, the County issued a NOVA to Sorrels and RCJS Properties. The NOVA asserted that Sorrels was improperly storing vehicles on the property as a per se public nuisance under PCC 8.08.050(G), (I), and (M). Sorrels appealed the NOVA.

A public hearing was held on Sorrels's appeal. The Hearing Examiner admitted documentary evidence and heard testimony. Sorrels argued that the current action was barred based on the prior district court decision dismissing the home occupation infraction.

Shortly after the hearing, the Hearing Examiner's legal assistant notified the parties that the one of the tapes at the hearing did not work and closing arguments were not recorded. The legal assistant offered the parties three options for proceeding: (1) reconvene to present oral argument only, (2) submit closing arguments in writing, or (3) allow the Hearing Examiner to consider the matter based on his notes. Both parties agreed the Hearing Examiner could use his notes to consider the matter.

At the hearing, Sorrels did not dispute the large number of vehicles that were on the property. Based on Sorrels own assertions and arguments, the Hearing Examiner found,

> 6. Mr. Sorrels argues that because he owns the entities that own the majority of the vehicles on his property, he has the right to park them on the property. As found above, RCJS Properties, LLC, owns the property in question. The vehicles in question are owned by multiple entities and by Mr. Sorrels personally, including The RCJS Trust 2, Key Center Enterprises, LLC, Rick

> Sorrels, etc. These vehicles belong to the entities and an individual to which they are registered and not RCJS Properties, LLC. The argument that because these entities are essentially an alter ego of Mr. Sorrels means that they belong to him and thus can be parked on the property in question; is essentially an attempt to pierce the veil of his own LLC. Any vehicle on the property that is not registered to RCJS Properties is being stored and is not a personal vehicle.

Clerk's Paper (CP) at 10. As to whether there is a public nuisance on the property, the Hearing Examiner found,

11. Section 8.08.050 PCC defines:

> Specific Public Nuisance Declared.
> The following specific acts, omissions, places, conditions, and things are hereby declared to be public nuisances and are per se violations of this Chapter (code sections relevant to this case listed below):
> G. Property used or maintained for the purpose of dismantling, salvaging, storing, or repairing of machinery, metals, or vehicles except where the landowner has obtained all licenses, permits, and approvals necessary to conduct such activity on the property.
> I. Property where derelict vessels, junk vehicles, or vehicle or vessel parts are stored and pose a threat to human health or safety or to the environment, except properties maintained in full compliance with the terms of any permit, license, statute, regulation, or ordinance regulating such activity.

> The County failed to prove by a preponderance of the evidence that Section 8.08.050(I) was violated by Mr. Sorrels. However, Mr. Sorrels is storing vehicles on his property in violation of Section 8.08.050(G) PCC. RCJS Properties, LLC, is the owner of the property in question. The majority of vehicles on the property are either registered to Mr. Sorrels himself, the RCJS Trust 2, or to Key Center Enterprises, LLC. These vehicles belong to the entities and the individual to which they are registered and not RCJS Properties, LLC, and are therefore being stored. Mr. Sorrels is in violation of Section 8.08.050(G) PCC.

CP at 11. And the Hearing Examiner found that the vehicles on the property were not a valid accessory use on the property:

14.    Section 18A.37 PCC sets forth uses allowed accessory to residential properties. Section 18A.37.020(D) PCC sets forth the following restriction:

> All accessory uses must be customarily incidental and subordinate to the principal building or use of the lot upon which it is located.

The storage of large numbers of vehicles, vessels, and trailers is not customarily incidental and subordinate to a single-family residence. Here, the storage use is the dominate feature at the site. It is customary for occupants of a single-family home to park their own vehicles at their residence and there is no limit in the code on the number of personal vehicles that may be parked at a single-family home. However, Mr. Sorrels is not an occupant of this home. He has never spent a night there. Further, the home itself belongs to an LLC and the vehicles on the site belong to multiple business entities. One such entity, Key Center Enterprise, LLC, owns many of the vehicles parked on Mr. Sorrels' property and has a registered trade name of Key Center Boats with corresponding Business License 602935973. The site is not being used for parking incidental to a principal building or use.

CP at 12. Finally, the Hearing Examiner found that collateral estoppel did not apply to Sorrels's appeal of the NOVA.

Based on the findings of fact, the Hearing Examiner concluded that Sorrels was committing a public nuisance by storing vehicles on the property in violation of PCC 8.08.050(G) and the use was not an accessory use. However, the Hearing Examiner concluded that the County failed to prove that the vehicles were junk vehicles in violation of PCC 8.08.050(I). Because Sorrels was committing a public nuisance by storing vehicles on the property, the Hearing Examiner denied Sorrels's appeal.

Sorrels filed a LUPA petition challenging the Hearing Examiner's decision. The superior court denied Sorrels petition, concluded that res judicata and collateral estoppel did not bar the County's enforcement action, and affirmed the Hearing Examiner's decision.

Sorrels appeals.[1]

ANALYSIS

A.    LEGAL PRINCIPLES

LUPA governs judicial review of land use decisions. *HJS Dev., Inc. v. Pierce County,* 148

Wn.2d 451, 467, 61 P.3d 1141 (2003). We review the administrative record, not the superior court

record. *Satsop Valley Homeowners Ass'n v. Nw. Rock, Inc.*, 126 Wn. App. 536, 541, 108 P.3d

1247 (2005).

We will grant relief only when the petitioner has carried the burden of establishing one of

the six statutory standards in RCW 36.70C.130(1). The standards for granting relief in a LUPA

petition are:

> (a) The body or officer that made the land use decision engaged in unlawful procedure or failed to follow a prescribed process, unless the error was harmless;
> (b) The land use decision is an erroneous interpretation of the law, after allowing for such deference as is due the construction of a law by a local jurisdiction with expertise;
> (c) The land use decision is not supported by evidence that is substantial when viewed in light of the whole record before the court;
> (d) The land use decision is a clearly erroneous application of the law to the facts;
> (e) The land use decision is outside the authority or jurisdiction of the body or officer making the decision; or
> (f) The land use decision violates the constitutional rights of the party seeking relief.

RCW 36.70C.130(1).

---

[1]  The County asserts that this appeal should be considered moot because the County has already abated the property at issue following a separate court action: *Pierce County v. 3917 Key Peninsula Hwy. SW*, No. 18-2-10010-6 (Pierce County Super. Ct., Wash.); No. 52965-3-II (Wash. Ct. App.). However, the County's factual assertions are taken from motions that were filed in the Court of Appeals case relating to that separate court action. That Court of Appeals case was dismissed because Sorrels could not represent the business entity that owns the property. No factual determinations were made or affirmed in that case. And the County has not made any motion to dismiss or motion to incorporate the other record into the present case. There are no facts within the record of the present case that show that the County has already abated the property.

B.    FAILURE TO RECORD

First, Sorrels argues that the Hearing Examiner violated the Pierce County rules of proceedings by failing to record 25 minutes of closing arguments.   Sorrels asserts this satisfies RCW 36.70C.130(1)(a) — failing to follow a prescribed process.  However, we hold that because the error is harmless, the failure to record is not grounds for granting relief.

LUPA requires that the Hearing Examiner comply with proper procedures and processes "unless the error was harmless."  RCW 36.70C.130(1)(a).  "Harmless error is one that is 'not prejudicial to the substantial rights of the party assigning [error,]' and does not affect the outcome of the case." *Young v. Pierce County*, 120 Wn. App. 175, 188, 84 P.3d 927 (2004) (alterations in original) (internal quotations omitted) (quoting *City of Bellevue v. Lorang*, 140 Wn.2d 19, 32, 992 P.2d 496 (2000)).

Sorrels has not demonstrated that the failure to record closing arguments was not harmless. There is no indication that the failure to record oral argument was prejudicial to Sorrels's substantial rights.  And the fact that Sorrels originally agreed to have the Hearing Examiner make a decision without having the recorded closing argument, undermines any assertion that the failure to record closing arguments prejudiced his substantial rights.

In addition, there is no indication that the failure to record closing arguments affected the outcome of the case.  Sorrels asserts that the failure to record closing arguments is not harmless because it "prevents the reviewing court from determining whether or not the Hearing Examiner'[s] Report and Decision complies with the Findings and Conclusions determined by the Examiner."  Br. of Appellant at 3.  However, this argument is not supported by the record.  The Hearing Examiner's legal assistant states that the missing recording only contained closing

6

arguments, and there is nothing in the record supporting the assertion that the missing recording contained oral findings and conclusions made by the Hearing Examiner.

Furthermore, even if the recording did contain oral findings and conclusions of the Hearing Examiner, we do not review the Hearing Examiner's oral findings because there are written findings of facts and conclusions of law. *Grundy v. Brack Family Trust*, 151 Wn. App. 557, 571, 213 P.3d 619 (2009), *review denied*, 168 Wn.2d 1007 (2010). In fact, we do not even consider oral rulings that conflict with written orders and decisions. *Id.* ("[W]ritten findings control where they conflict with an oral decision."). Therefore, the failure to have an oral decision from the Hearing Examiner does not affect our review.

Accordingly, the failure to record closing arguments in this case was a harmless error and not grounds for granting Sorrels relief from the Hearing Examiner's decision.

C.     JUNK VEHICLES FINDINGS AND CONCLUSIONS

Second, Sorrels argues that the Hearing Examiner's decision failed to include the Hearing Examiner's finding that the vehicles on the property are not junk vehicles and conclusion that Sorrels was not in violation of ordinances regulating junk vehicles. Sorrels argues that this satisfies RCW 36.70C.130(1)(d) — clearly erroneous application of the law to the facts. We disagree.

Sorrels assertion is entirely unsupported by the record. Both the Hearing Examiner's Finding of Fact No. 11 and the corresponding Conclusion of Law No. 2 clearly state that the County failed to prove that the vehicles on the property were junk vehicles. Therefore, these findings and conclusions are clearly and demonstrably included in the Hearing Examiner's decision.

D.    VEHICLE STORAGE

Third, Sorrels argues that the land use decision affirming the NOVA was not supported by substantial evidence and was a clearly erroneous application of the law satisfying RCW 36.70C.130(1)(c) and RCW 36.70C.130(1)(d). Specifically, Sorrels argues that the County failed to prove a public nuisance because the County did not identify harm to any other property. We disagree.

Sorrels relies on *Moore v. Steve's Outboard Service*, 182 Wn.2d 151, 339 P.3d 169 (2014), to argue that an essential element of a nuisance claim is injury to another's property. Then Sorrels asserts that *Greenwood v. Olympic, Inc.*, 51 Wn.2d 18, 315 P.2d 295 (1957), prohibits the County from designating something as a nuisance without proving all the elements for nuisance. But the cases Sorrels's relies on are distinguishable because they involve private nuisances that are brought by individual, private plaintiffs.

In contrast, a nuisance "which affects equally the rights of an entire community or neighborhood" is a public nuisance. RCW 7.48.130. RCW 36.32.120(10) gives counties the explicit power to "declare by ordinance what shall be deemed a nuisance within the county," and the statute also authorizes counties to "prevent, remove, and abate" nuisances.

Here, the County used its authority under RCW 36.32.120(10) to pass an ordinance specifically designating vehicle storage a public nuisance. Therefore, if the County had to prove anything in addition to the elements in the ordinance, they would only have had to prove that the vehicle storage was affecting the entire community or neighborhood. And the County presented numerous complaints from neighbors and members of the community regarding the vehicle storage on Sorrels's property.

Sorrels has not demonstrated that, to enforce a public nuisance that it has defined by ordinance, the County has to actually prove any additional elements.  And even if the County does have to prove an additional element, it would be an element required to prove *public* rather than *private* nuisance because the County was enforcing the public nuisance ordinance.  *See* PCC 8.08.050(G), (I).  Specifically, the County would have had to prove the public nuisance was affecting the rights of an entire community or neighborhood, which as explained above, they did.  Accordingly, Sorrels has not demonstrated that the Hearing Examiner's decision was unsupported by the evidence or a misapplication of the law.

E.      RES JUDICATA AND COLLATERAL ESTOPPEL

Lastly, Sorrels argues that this case is barred by res judicata and collateral estoppel.  Res Judicata does not apply here, and collateral estoppel does not bar the County's NOVA.  Therefore, we disagree with Sorrels assertion that this case is barred by res judicata and collateral estoppel.

Res judicata is a doctrine that prevents a party from relitigating the same claim or cause of action.  *Rains v. State*, 100 Wn.2d 660, 665, 674 P.2d 165 (1983).  In contrast, collateral estoppel prevents second litigation of an issue between the parties, even when a different cause of action is asserted.  *Id*.

1.      Res judicata

Whether res judicata bars an action is a question of law that we review de novo.  *Jumamil v. Lakeside Casino, LLC*, 179 Wn. App. 665, 680, 319 P.3d 868 (2014).  The party asserting res judicata bears the burden of proof.  *Hisle v. Todd Pacific Shipyards Corp.*, 151 Wn.2d 853, 865, 93 P.3d 108 (2004).

When addressing res judicata, the threshold question is whether there was a final judgment on the merits in the prior suit.  *Id*.  Once the threshold is met, res judicata will bar relitigation of a

9

same claim or cause of action if the prior litigation is the same as the subsequent litigation in the following respects: "subject matter, cause of action, people and parties, and 'the quality of the persons for or against whom the claim is made.'" *Id.* at 865-66 (quoting *Rains*, 100 Wn.2d at 663). All four elements must be met for res judicata to apply. *Id.* at 866.

Here, while the threshold inquiry is met because there was a final judgment in the prior civil infraction proceeding, res judicata does not apply to bar the NOVA proceeding because the prior civil infraction involved a different cause of action than the NOVA proceeding. As discussed above, the civil infraction proceeding involved a claim that Sorrels violated PCC 18A.36.070K.1-2, while the NOVA involves a claim that vehicles were being stored on Sorrels's property without the appropriate permits and that the storage was not a permitted accessory use. Therefore, res judicata does not apply here.

2.      Collateral estoppel

The application of collateral estoppel is an issue that we review de novo. *Schibel v. Eymann*, 189 Wn.2d 93, 98, 399 P.3d 1129 (2017). Collateral estoppel bars relitigation of an issue in a later proceeding involving the same parties. *Id.* at 99.

> For collateral estoppel to apply, the party seeking it must show (1) the issue in the earlier proceeding is identical to the issue in the later proceeding, (2) the earlier proceeding ended with a final judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party, or in privity with a party, to the earlier proceeding, and (4) applying collateral estoppel would not be an injustice.

*Schibel*, 189 Wn.2d at 99.

Here, the issues litigated for the civil infraction proceeding and the NOVA proceeding are not the same. For the civil infraction proceeding, the County was required to prove that Sorrels was violating PCC 18A.36.070K.1-2 by operating a home occupation out of a single-family home without a home occupation permit. For the NOVA proceeding, the County had to prove that

10

Sorrels was storing vehicles on the property without the appropriate permits and that the storage was not a permitted accessory use. *See* PCC 8.08.050(G), (I). Sorrels does not explain how these two issues are the same. Rather, he simply asserts that the same evidence was used in the both cases.[2] But that does not establish the issues were the same because the evidence was used to prove two distinct things. In the civil infraction proceeding, it was used to prove that Sorrels was operating a home occupation. In the NOVA proceeding, it was used to prove that Sorrels was improperly storing vehicles. Therefore, collateral estoppel also does not apply here.

Accordingly, Sorrels's res judicata and collateral estoppel arguments fail.

## ATTORNEY FEES ON APPEAL

The County argues that it is entitled to costs and attorney fees under RCW 4.84.370. RCW 4.84.370(1) allows an award of costs and attorney fees to the prevailing party involved in a land use decision. And RCW 4.84.370(2) states that the County is the prevailing party "if its decision is upheld at superior court and on appeal." Because we affirm the superior court's order denying Sorrels's LUPA Petition, the County's decision—to issue the NOVA—was upheld by the Hearing

---

[2] Sorrels attempts to incorporate his attorney's briefs to the Hearing Examiner into his argument. However, as Division One of this court recently explained,

> In an appellate court, it is improper to attempt to "incorporate by reference" into a party's merits brief arguments made in other pleadings. *State v. Gamble*, 168 Wn.2d 161, 180, 225 P.3d 973 (2010) ("argument incorporated by reference to other briefing is not properly before this court"); *Diversified Wood Recycling, Inc. v. Johnson*, 161 Wn. App. 859, 890, 251 P.3d 293 (2011) ("We do not permit litigants to use incorporation by reference as a means to argue on appeal or to escape the page limits for briefs set forth in RAP 10.4(b)."); *Kaplan v. Nw. Mut. Life Ins. Co.*, 115 Wn. App. 791, 801 n.5, 65 P.3d 16 (2003).

*State v. I.N.A.*, 9 Wn. App. 2d 422, 426, 446 P.3d 175 (2019). And pro se litigants are held to the same standard as attorneys. *In re Marriage of Olsen*, 69 Wn. App. 621, 626, 850 P.2d 527 (1993). Therefore, we do not consider arguments made in his attorney's briefing.

Examiner, by the superior court, and on appeal. Therefore, the County would be the prevailing party under RCW 4.84.370(2) and we award the County it costs and attorney fees on appeal.

We affirm the superior court's order denying Sorrels's LUPA petition and grant the County's request for costs attorney fees on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.
Lee, C.J.

We concur:

_____
Worswick, J.

_____
Cruser, J.